# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| HARVEY PRINCE ORGANICS INC., a Delaware Corporation,<br><br>        Plaintiff,<br><br>v.<br><br>MICHAEL SULLIVAN, MARY DECELLES, and JACQUELINE SULLIVAN,<br><br>        Defendants. | 1:17-cv-1910-WSD |

## OPINION AND ORDER

On May 25, 2017, Plaintiff Harvey Prince Organics Inc. ("Plaintiff") filed its Complaint [1], asserting state-law claims against Defendants Michael Sullivan, Mary Decelles, and Jacqueline Sullivan (collectively, "Defendants").

Plaintiff asserts that the Court has diversity jurisdiction under 28 U.S.C. § 1332. (Compl. ¶ 2). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire

into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case, Plaintiff's Complaint raises only questions of state law and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)). To show citizenship, "[r]esidence alone is not enough." Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013). For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there

indefinitely.'" Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

Plaintiff's Complaint insufficiently alleges Defendants' citizenship. The Complaint states that Defendants are "Georgia Resident[s]." (Compl. ¶¶ 6-7). These allegations are insufficient to show Defendants' citizenship, because "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'" Travaglio, 735 F.3d at 1269.

To determine whether the Court has jurisdiction over this action, the Complaint must allege more specific information regarding the citizenship of the parties. Accordingly, Plaintiff is required to file an amended complaint properly alleging the citizenship of each party. The Court notes it is required to dismiss this action unless Plaintiff provides the required supplement alleging sufficient facts to show the Court's jurisdiction. See Travaglio, 735 F.3d at 1268-69 (district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction). The Court will not allow Plaintiff any further opportunities to amend its Complaint to properly allege jurisdiction.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff shall, on or before June 16, 2017, file an amended complaint that adequately alleges the citizenship of the parties.

**SO ORDERED** this 1st day of June, 2017.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE